J-S31015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELLIS A. LEE, | : | |
| | : | |
| Appellant | : | No. 3638 EDA 2017 |

Appeal from the PCRA Order September 8, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003033-1980

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 06, 2018**

Appellant, Ellis A. Lee, appeals *pro se* from the order entered on September 8, 2017, that denied as untimely his seventh petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On December 23, 1979, [Appellant] was arrested for robbery of bingo proceeds from Saint Michael's Church in Chester, Delaware County and murder of the man who was taking them to the rectory.

> On July 25, 1980, a jury convicted [Appellant] for his role in the robbery and murder.

> [Appellant] asked for a new trial on the ground that a co-defendant had recanted his trial testimony.  On February 17, 1981, in a hearing before the trial court, the co-defendant

affirmed the truthfulness of his trial testimony. The trial judge denied [Appellant's] motion for a new trial.

[Appellant] filed a direct appeal to the Superior Court, which affirmed the convictions on September 23, 1983.

On July 18, 1986, [Appellant] filed his first collateral petition under the Post–Conviction Hearing Act (PCHA),[1] alleging that the Commonwealth had used perjured testimony to secure his conviction and that it had entered into an undisclosed prosecution deal with his co-defendant. The trial judge conducted a hearing on March 4, 1987[,] and, in an order and opinion issued on January 6, 1988, denied the petition.

[Appellant proceeded to file multiple additional petitions.]

On April 12, 2017, [Appellant] filed with this [c]ourt a seventh PCRA petition, which he styles as a "Demand or Petition of Instruction, Ordering the Office of Records; Clerk of Court; to Release Documents Establishing actual and Legal Innocence, Pursuant to Stare Decisis of the Pennsylvania Supreme Court Announced in Commonwealth v. Burton, A.2d (March 28, 2017) Slip Opinion 0-110-2016, No. 9 WAP 2016." Although said petition is confused, it alleges that [Appellant] was denied the effective assistance of counsel during his 1980 trial and during his various appeals and PCRA petitions because not one of said attorneys attacked the subject matter jurisdiction of the Court of Common Pleas to adjudicate the case against him. He alleges that he was arrested on January 29, 1980[,] for robbery and murder pursuant to an arrest warrant and probable cause affidavit containing a specific form identification number. On March 31, 1980, a Preliminary Hearing was conducted, but the court dismissed the warrant and discharged [Appellant] after finding that the Commonwealth lacked probable cause. [Appellant] was not, however, released from confinement after that Hearing.

* * *

On July 31, 2017, this [c]ourt issued a "Notice of Intent to Dismiss [PCRA] Petition without Hearing in Twenty (20) days."

---

[1] The PCHA preceded the PCRA.

- 2 -

On August 23, 2017, this [c]ourt received a document entitled "Petitioners' [sic] Response to Notice of Intent to Dismiss PCRA under Rule 907, without a Hearing."

This [c]ourt considered that Response and concluded that it lacked any merit, so on September [8], 2017, it issued an Order Dismissing PCRA Petition.

On October [6], 2017, [Appellant] filed a *pro se* Notice of Appeal.

On October 11, 2017, this [c]ourt issued an Order pursuant to Pa.R.[A.P.] 1925(b) requiring that within twenty-one (21) days, [Appellant] file a Concise Statement of Errors Complained of on Appeal.

On October 27, 2017, [Appellant] mailed his Statement of Matters Complained of on Appeal.

PCRA Court Opinion, 11/30/17, at 1-5.

Appellant presents the following issue for our review: "Did the lower court create reversible error and deny Appellant substantive and procedural due process when it denied Appellant[']s request to review documents in the certified record without a hearing to develop the record." Appellant's Brief at vi (unnecessary capitalization omitted). Although this issue is not concisely stated, Appellant's argument reveals that he is challenging the PCRA court's treatment of his motion as a PCRA petition and the court's decision to dismiss the motion under the PCRA framework.[2]

_____

[2] Although the issues raised in Appellant's Pa.R.A.P. 1925(b) statement do not mirror the issue presented in his appellate brief, we are satisfied that he has preserved the issue for our review.

We first note that Appellant asserts that the PCRA court improperly treated his filing as a PCRA petition. Appellant's Brief at 1. Appellant maintains that his filing "was only a request for documents that he could not obtain himself as a Pro-Se, and informa [sic] pauperis broke citizen of Pennsylvania Prisoner [sic]." *Id.* Appellant contends that this request is not cognizable under the PCRA, and therefore his petition should not have been treated as a PCRA petition. *Id.* at 8. Despite this assertion, however, Appellant also states the following, which we restate *verbatim*:

> The core of the Appellant's case and so admitted by the Lower Court through its Opinion, i.e. (**Discussion**), Pg.#5, see-EX-#24 - #26. is that he alleges that he was taken from a State Penatentiary (SCI-GRATERFORD) by the Delaware County Sheriff's where he was being house, his lawful residents (**HOME**); taken to Delaware County Courthouse where he was processed; tried, convicted, and sentenced to Life Without Parole, without ever being ARRESTED, or served with any "Arrest Warrant or Affidavit Of Probable Cause, authorizing the removal (Kidnapping) from Appellant's **HOME**, which at the time was SCI-GRATERFORD.

*Id.* at 3.

It is well settled that under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (citations omitted). Accordingly, any petition for post-conviction collateral relief will generally be considered under the auspices of the PCRA, notwithstanding the title given to the petition, if the petition raises issues cognizable under the PCRA. *Commonwealth v. Hutchins*, 760 A.2d 50, 52 n.1 (Pa. Super. 2000); 42 Pa.C.S. § 9542.

As acknowledged by Appellant, the core of his allegation is that he was unlawfully convicted and sentenced. A claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, trial, appeal, or PCRA review. 42 Pa.C.S. § 9543. The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011) (quoting 42 Pa.C.S. § 9542). *See also Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (stating that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction."); *Commonwealth v. Hackett*, 956 A.2d 978, 986 (Pa. 2008) (explaining that when considering types of claims that are cognizable under the PCRA, "the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review."). Accordingly, Appellant's claim is cognizable under the PCRA, and the PCRA court, therefore, properly treated Appellant' filing as a PCRA petition.

It is well settled that the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment

of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, January 16, 1996, a special grace proviso allowed first PCRA petitions to be filed by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining the application of the PCRA grace proviso).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant's judgment of sentence became final on October 24, 1983,[3] thirty days after this Court affirmed Appellant's judgment of sentence and time expired for Appellant to file an appeal with the Pennsylvania Supreme Court. 42 Pa.C.S. § 9545(b)(3);

---

[3] We note that because October 23, 1983, fell on a Sunday, Appellant had until Monday, October 24, 1983, to file his petition for allowance of appeal. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

Pa.R.A.P. 1113(a). Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. However, Appellant's instant PCRA petition, which was filed on April 12, 2017, does not qualify for the grace proviso as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997. Thus, this PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Hernandez*, 79 A.3d 649, 652 (Pa. Super. 2013).

It appears that in an attempt to establish an exception to the PCRA time-bar, Appellant cites *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017). Appellant's Brief at 7. Appellant argues that *Burton* "should have compelled the Lower Court to do something other than use the Post-Conviction's time bar to push the case out of the Lower Court and into your laps." *Id.*

Despite his reference to **Burton**, however, Appellant fails to explain how that holding would establish any one of the three exceptions to the PCRA time-bar. Our review reveals that in **Burton** our Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." **Id.** at 638. Appellant does not present any argument regarding what specific information may have been "unknown" to him, or when such information became available to him. Thus, Appellant has failed to allege, let alone prove, the applicability of the exception to the time-bar under Section 9545(b)(1)(ii). A cursory statement, such as that made by Appellant herein, is insufficient to satisfy that burden.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/18